# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-325V
**(not to be published)**

| | | |
|---|---|---|
| SHARON LABOUNTY, | * | |
| Petitioner, | * | Filed: September 21, 2021 |
| v. | * | Entitlement; Decision by Proffer; Damages; Influenza ("Flu") Vaccine; Chronic Regional Pain Syndrome ("CRPS"). |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Howard Gold*, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner
*Christine Becer*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

On March 9, 2017, Sharon LaBounty ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges that she developed chronic regional pain syndrome ("CRPS") as a result of the influenza ("flu") vaccination she received on September 18, 2015. *See* Am. Pet. 2 at 1, ECF No. 24.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On December 28, 2020, I issued a Ruling on Entitlement finding that Petitioner was entitled to compensation because she had met her burden in showing that the flu vaccine she received on September 18, 2015 caused her to develop CRPS. ECF No. 57.

The parties indicated they were having difficulty resolving damages. Accordingly, I referred this case to Special Master Dorsey for ADR on May 3, 2021. ECF No. 63. Special Master Dorsey removed this case from the ADR Process on September 2, 2021. ECF No. 67.

Respondent subsequently filed a proffer on September 20, 2021 (ECF No. 68), agreeing to issue the following payment:

> A lump sum payment of **$135,000.00** for actual pain and suffering, paid in the form of a check to Petitioner.

These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein. I, therefore, award compensation in the amount of **a lump sum payment of $135,000.00, in the form of a check payable to Petitioner, Sharon LaBounty**. The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| SHARON LABOUNTY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES, ) <br> ) <br> Respondent. ) | No. 17-325V <br> Special Master Oler <br> ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

In her Ruling on Entitlement issued on December 28, 2020, Special Master Oler found that a preponderance of the evidence supported petitioner's claim that an influenza vaccine she received on September 18, 2015 caused her to suffer from Chronic Regional Pain Syndrome ("CRPS.") *See* Ruling on Entitlement (Document 51.)  Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

**I.      Items of Compensation**

Respondent proffers that M.S.M. should be awarded $135,000.00 in actual pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

This amount represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

---

[1] The parties have no objection to the amount of the proffered award of damages.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the special master's December 28, 2020 ruling on entitlement, finding petitioner entitled to an award under the Vaccine Act.  This right accrues following issuance of the damages decision.

-1-

**II.     Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following[2]:  a lump sum payment of $135,000.00, in the form of a check payable to petitioner.

**III.    Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Sharon LaBounty:                            **$135,000.00**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

                                           <u>/s/Christine M. Becer</u>
                                           CHRISTINE M. BECER
                                           Trial Attorney
                                           Torts Branch, Civil Division
                                           U. S. Department of Justice
                                           P.O. Box l46, Benjamin Franklin Station
                                           Washington, D.C.  20044-0146
                                           Direct dial: (202) 616-3665
                                           Christine.m.becer@usdoj.gov

Dated: September 20, 2021